(C. D. 649)

ÜNION BROKERAGE Co. *v.* UNITED STATES

United States Customs Court, First Division

(Decided June 17, 1942)

*John Walsh* (*Gerald J. Boileau* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*Richard H. Welsh,* special attorney), for the defendant.

Before OLIVER and WALKER, Judges

WALKER, Judge: In these suits against the United States plaintiff seeks to recover the tax or duty paid under the provisions of the Revenue Act of 1932 on an importation of certain spruce lumber into the United States from Canada, specifically from the Province of British Columbia. The tax or duty was imposed by the collector of customs under the provisions of section 601 (c)(6) of the said revenue act, which, so far as pertinent, read as follows:

SEC. 601. EXCISE TAXES ON CERTAIN ARTICLES.

(a) In addition to any other tax or duty imposed by law, there shall be imposed a tax as provided in subsection (c) on every article imported into the United States unless treaty provisions of the United States otherwise provide.

1

\* \* \* \* \* \* \*

(c) There is hereby imposed upon the following articles  \*  \*  \*  imported into the United States, a tax at the rates hereinafter set forth, to be paid by the  \*  \*  \*  importer:

\* \* \* \* \* \* \*

(6) Lumber, rough, or planed or dressed on one or more sides · \*  \*  \* $3 per thousand feet, board measure  \*  \*  \*.

By virtue of the trade agreements between the United States and Canada reported in T. D. 48033 and T. D. 49752 the foregoing rate was reduced to $1.50 per thousand feet, board measure.

Plaintiff claims exemption from the foregoing tax under the provision in section 704 of the Revenue Act of 1938 which reads as follows:

.SEC. 704. AMENDMENTS TO TAX ON LUMBER.

\* \* \* \* \* \* \*

(c) Section 601 (c) (6) of the Revenue Act of 1932 is further amended by inserting after the amendment made by subsection (a) of this section the following: The tax imposed by this paragraph shall not apply to lumber of Northern white pine (pinus strobus), Norway pine (pinus resinosa), and Western white spruce.

(d) The amendment made by subsection (c) shall be effective July 1, 1938.

The question presented for determination is whether the spruce lumber at bar is within the term "Western white spruce" as used in section 704, *supra*. It was stipulated during the course of the trial that the lumber in issue was "produced from trees which are classified botanically as *picea engelmannii*" and there does not seem to be any question but that such lumber is known, among other things, as Englemann spruce or Englemann's spruce.

It appears to be a fact that certain botanical authorities reserve the common name "Western white spruce" to a tree bearing the botanical name of *picea glauca* variety *albertiana*. These authorities are:

A work entitled "North American Trees" by M. L. Britton (1908).

A work entitled "Check List of Forest Trees of the United States, Their Names and Ranges" by George B. Sudworth, late dendrologist of the Forest Service, Miscellaneous Circular No. 92 of the United States Department of Agriculture (1927).

A work entitled "Forest Trees of the Pacific Coast" by Willard Ayres Eliot (1938).

While it also appears to be a fact, as shown by the evidence, that certain other authorities, in listing the common names applicable to Engelmann spruce, include the name "Western white spruce," all such authorities are Canadian or foreign publications, and do not purport to give the common names of Engelmann spruce as used in the United States.

On behalf of the plaintiff it is urged that the term "Western white spruce" as used in the statute "does not refer to one particular species

of spruce lumber, but refers to all the species of spruce lumber that can properly be designated 'Western white spruce,'" among which, it is contended, is Engelmann spruce. In support of this claim plaintiff has offered evidence tending to establish that Engelmann spruce is commonly known in the United States as "white spruce"; that it grows in Western Canada; that the wood of *picea engelmannii* and that of *picea glauca* variety *albertiana*, as well as that of a species known as *picea glauca*, cannot be distinguished either microscopically, macroscopically, or in any other way, and that the lumber from these trees is used for identical purposes and is in direct competition with one another.

On behalf of the defendant it is contended that the term "Western white spruce," at and prior to the passage of section 704, *supra*, had a common and commercial meaning which did not include Engelmann spruce, and evidence was offered supporting this position.

In its essence, therefore, plaintiff's case is predicated upon the term "Western white spruce" as used in the revenue act, *supra*, being interpreted as a *description* of the lumber covered thereby, while the defendant's case is predicated upon the term being interpreted as the *individual name* of certain lumber.

We are of the opinion that the term "Western white spruce" as used in the act is ambiguous, and that such ambiguity is illustrated by the foregoing. In such case our effort must be directed toward effectuating the legislative intent, and to that end examination of the legislative history of the provision is warranted. *James F. White & Co.* v. *United States*, 23 C. C. P. A. 224, T. D. 48061; *Sears, Roebuck & Co.* v. *United States*, 26 id. 161, C. A. D. 11, and *Keith Dunham Co.* v. *United States*, 26 id. 250, C. A. D. 24.

Plaintiff vigorously contends that the term is plain and unambiguous, and invokes the familiar rules that resort to extrinsic facts, such as legislative history, for the purpose of creating a doubt as to the meaning of a statute is never permissible, and that where the statutory language is clear and unambiguous resort to rules of construction or to legislative history is improper.

We think that a reading of the statute at once shows that both of the interpretations above are equally possible, and neither possibility has been impaired, or ruled out by the evidence produced. There is no clear indication in the statute itself of the meaning Congress intended to be given to the term. Plaintiff relies strongly on the fact that Congress failed to include the botanical name of Western white spruce in the provision, although it gave the botanical names of the two other types of lumber covered thereby, and while it would appear, therefore, that Congress may have intended the designation to refer to more than one botanical species, nevertheless we believe the conclusion reached by the plaintiff that it was intended to refer

to "all the species of spruce lumber that can properly be designated 'Western white spruce,'" i. e., that it is a descriptive term, is unwarranted. The conclusion is just as plausible that Congress intended thereby to include the specific kind of lumber known by the individual name "Western white spruce," regardless of the propriety of the designation and regardless of species.

The existence of the ambiguity in this case is determined from a consideration of the statute itself, and resort to the legislative history is for the purpose of solving the ambiguity and not to create it.

The bill which finally became the Revenue Act of 1938 was introduced at the 3d session of the 75th Congress by Congressman Doughton, Chairman of the House Ways and Means Committee, and received the number H. R. 9682. Subsection (c) of section 704 thereof as introduced reads as follows:

(c) Section 601 (c) (6) of the Revenue Act of 1932 is further amended by inserting after the amendment made by subsection (a) of this section the following: "The tax imposed by this paragraph shall not apply to lumber of Northern white pine (pinus strobus), Norway pine (pinus resinosa), and Western white spruce grown in Manitoba, Saskatchewan, or Alberta.

We are indebted to counsel for the defendant for a most painstaking and exhaustive survey of the legislative history of the foregoing provision. It unquestionably appears from the statements made at hearings before a subcommittee of the Committee on Ways and Means of the House of Representatives that the main purpose of the proponents of the provision was to secure exemption from the tax of certain species of lumber which were scarce in the United States, and with which imported lumber did not compete.

On March 10, 1938, an amendment was offered on the floor of the House by Representative Vinson of Kentucky on behalf of the Committee on Ways and Means to strike out the words "grown in Manitoba, Saskatchewan, or Alberta." The reason for the amendment expressed by Representative Vinson was—

* * * we found out that western white spruce is grown in other places, so we are trying to make this provision general in application.

The amendment was agreed to. (Vol. 83, Congressional Record, p. 3184.)

Immediately thereafter Representative Boileau of Wisconsin offered an amendment including the words "Englemann spruce." It is apparent from the statement made by Mr. Boileau in support of his amendment that he regarded Engelmann spruce as a separate and distinct kind of lumber not included within the term "Western white spruce," although he said they are used for identical purposes and are in direct competition with one another.

Opposition to the amendment was made by two members of the Ways and Means Committee on the ground that the supply of the

United States of the lumber sought to be relieved of the tax by the provision as reported to the House was practically nonexistant or extremely scarce, while the supply of Engelmann spruce was large. The amendment, however, was carried (Vol. 83, Congressional Record, p. 3185) and as the bill was finally passed by the House section 704 (c) read as follows:

(c) Section 601 (c) (6) of the Revenue Act of 1932 is further amended by inserting after the amendment made by subsection (a) of this section the following: "The tax imposed by this paragraph shall not apply to lumber of Northern white pine (pinus strobus), Norway pine (pinus resinosa), Engelmann spruce, and Western white spruce.

The bill reached the Senate on March 14, 1938, and was there referred to the Committee on Finance. Hearings were held before that Committee, and on March 19, 1938, Senator Murray of Montana appeared and voiced the opposition of his constituency to the exemption of Engelmann spruce from the excise tax. His remarks show that, like Representative Boileau, he considered Engelmann spruce to be a separate and distinct species from Western white spruce, the supply of which in the United States was, he said, almost exhausted, while Engelmann spruce was in plentiful supply. (Hearings, Committee on Finance, U. S. Senate, 75th Cong., 3d Sess., on H. R. 9682, pp. 351–354.) Also heard in opposition to the exemption of Engelmann spruce were R. C. Winton, president of the Winton Lumber Sales Co., of Minneapolis, Minn., and Wilson Compton, representing the National Lumber Manufacturers Association. The remarks of these gentlemen were of the same nature as those of Senator Murray.

The bill as reported to the Senate by the Committee had the words "Engelmann spruce" stricken out, and the report of the Committee to the Senate contained the following explanation:

The excise tax on the importation of lumber is changed by the House bill so as not to apply to Northern white pine, Norway pine, Engelmann's spruce and Western white spruce. Your committee concurs in this change with one exception. *It recommends that Engelmann's spruce still be left subject to tax.* The reason for this action lies in the fact that large stands of this timber still exist within the borders of the United States. [Senate Report 1567, 75th Cong., 3d Sess., p. 11—italics added.]

Further explanation along the same line was made by Senator Harrison, Chairman of the Finance Committee, on the floor of the Senate when the committee amendment was taken up (Vol. 83, Cong. Record, p. 5039), and a further statement by Senator Murray was incorporated in the Record. The committee amendment was later agreed to without a record vote. (Vol. 83, id. p. 5068.)

The bill as amended was passed by the Senate and sent to conference. The conference report as to the provision in question was adopted

by both houses, and the statement of the House managers with respect thereto is as follows:

On Amendment No. 197: The House bill exempted Northern white pine, Norway pine, Engelmann Spruce and western white spruce, from the tax on imported lumber imposed by Section 601 (c) (6) of the Revenue Act of 1932, as amended. The Senate amendment eliminates Engelmann spruce from the exemption provided by the House bill. The House recedes. (Vol. 83 Congressional Record, p. 6687).

We think that in the light of the foregoing it cannot be questioned but that it was the intent of Congress not to include Engelmann spruce within the meaning of the term "Western white spruce," and, further, that it was the intent of Congress not to grant exemption from the tax to Engelmann spruce. The lumber at bar being Engelmann spruce, plaintiff cannot succeed.

Judgment will therefore issue overruling the protests in all respects.